[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON REQUEST FOR LEAVE TO AMEND SPECIAL DEFENSES OF DEFENDANT TRAILMOBILE TRAILER CORP.
The plaintiff, Mark Strohecker, has filed a complaint alleging that defendant Trailmobile Trailer Corp. is liable to him as the manufacturer or seller of a product he claims was defective, specifically, a box trailer. The plaintiff claims that as a result of the claimed design defect, he suffered increased injuries when the automobile in which he was a passenger collided with the rear of the trailer. The plaintiff does not claim that the product defect at issue caused the collision itself.
Trailmobile Trailer Corp. filed an answer and special defenses dated October 8, 1996. The court, Vertefeuille, J., granted the plaintiffs motion to strike several of those special defenses. The plaintiff filed requests to revise some of the special defenses that he did not move to strike. Trailmobile Trailer Corp. did not object to the requests to revise, and on May 6, 1997, it filed a new answer and special defenses that reflected the ruling on the motion to strike and did not attempt to replead either the stricken defenses or the defenses that had been the subject of the plaintiffs request to revise. That pleading contained two special defenses, claiming alteration and misuse of product.
Trailmobile Trailer Corp. has now moved for leave to amend its special defenses to plead again several of the special defenses stricken by Judge Vertefeuille and one of the defenses that it did not defend by objecting to the plaintiffs request to revise.
The proposed amended special defenses include as the first and second special defenses the claims of alteration and misuse of the box trailer that are stated in this defendant's present answer and special defenses. It is useful to list the proposed additional special defenses to indicate the basis for this court's ruling with regard to the request for leave to amend to plead them.
Proposed Third Special Defense — This defendant CT Page 7173 proposes to plead "misuse of the auto," that is, that the driver of the car in which the plaintiff was a passenger was at fault. This special defense was stricken by the court, Vertefeuille, J., when its substance was pleaded as the eighth special defense in the original pleading of this defendant. The movant has articulated no reason why it should be allowed to replead a defense already stricken.
Proposed Fourth and Fifth Special Defenses — These proposed defenses assert the same defenses as were stricken when they appeared as the fourth and fifth special defenses in the prior pleading.
Proposed Sixth Special Defense — The movant seeks to add a defense that any injuries claimed were caused by superseding or intervening actions of others, and that the movant is not liable by operation of C.G.S. § 52-5720(d). The statute cited concerns the apportionment of liability in product liability actions. The plaintiff offers no reason for his opposition to this portion of the proposed amendment other than that this defense has never been pleaded by this defendant before. The novelty of an amendment is not, standing alone, a reason to deny leave to allow it to be filed. The plaintiff makes no claim that this defense has been previously stricken.
Proposed Seventh Special Defense — This proposed defense is the same as the defense stricken as the ninth special defense in the prior pleading. In it, this defendant claims that the design claimed to be defective represented the "state of the art." Contrary to the movant's assertion, the Connecticut Supreme Court did not recognize such a claim as a defense to liability inPotter v. Chicago Pneumatic Tool Co., 241 Conn. 189 (1997), but merely ruled that evidence of compliance with existing design standards is admissible.
Proposed Eighth Special Defense — In this proposed special defense, the movant asserts that it is not liable because the design claimed to be defective was in compliance with all relevant safety standards in existence at the time. This defendant had pleaded the same statement as its tenth special defense in its original responsive pleading. When the plaintiff requested that it revise this defense, the defendant did not object; and when it ultimately filed a new responsive pleading, it omitted this defense. The plaintiff characterizes this course of pleading as an abandonment and asserts that a party may not be CT Page 7174 allowed to keep the pleadings open by resuscitating defenses that it has not defended in the normal course of pleadings earlier in the case.
The provisions of the Practice Book do not support the movant's approach to amendments. Practice Book § 10-37
provides that when an opponent files a request to revise, the party whose pleading is so challenged has two options: to replead in the manner requested or to object, so that the court may rule on the objection. Practice Book § 10-37(a) provides that a request to revise "shall be deemed to have been automatically granted by the judicial authority on the date of filing and shall be complied with by the party to whom it is directed within thirty days of the date of filing the same, unless within thirty days of such filing the party to whom it is directed shall file objection thereto." No objection having been timely filed, the rule requires revision, and the defendant did so, eliminating the challenged special defense. Having waived its opportunity to defend this special defense in the manner and at the time prescribed by the rules of practice, the defendant cannot expect this court to exercise its discretion to allow it to replead the same defense.
The court has discretion pursuant to Practice Book §10-60 to restrain the pleadings to compel the parties to join issue. Allowing a party to repeatedly raise a defense it has abandoned in a past round of pleadings merely invites delay, burden and expense, and rewards failure to adhere to the rules of practice. There may be some situation in which a change in the law or some other change of circumstance justifies allowing a party who has waived a claim or defense to reassert it; however, the defendant has offered no justification of this sort but merely claims an apparently limitless right to raise the same issues after encountering opposition. This court does not adopt such an approach to the rules of pleading.
Conclusion
The request for leave to amend special defenses is denied with the exception of the proposed first and second special defenses, which repeat defenses previously raised, and the sixth special defense, which asserts a defense not previously raised. To avoid the need to reconstruct the current state of the special defenses, Trailmobile Trailer Corp. shall file an answer and special defenses setting forth the three special defenses (the CT Page 7175 first, second, and sixth special defenses in the proposed amended answer and special defenses); and any request to revise shall be filed pursuant to the time limit set forth in the Practice Book.
Beverly J. Hodgson, Judge of the Superior Court